http://www.va.gov/vetapp16/Files4/1630512.txt

Citation Nr: 1630512 
Decision Date: 07/29/16 Archive Date: 08/04/16

DOCKET NO. 07-34 508 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in North Little Rock, Arkansas

THE ISSUE

Entitlement to a rating higher than 60 percent for chronic joint pain of the left hand, and bilateral lower extremities, due to gouty arthropathy.

REPRESENTATION

Appellant represented by: Disabled American Veterans

ATTORNEY FOR THE BOARD

T. Azizi-Barcelo, Counsel

INTRODUCTION

The Veteran served on active duty from November 1988 to October 1998. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a September 2006 rating decision of the North Little Rock, Arkansas, Department of Veterans Affairs (VA) Regional Office (RO), which denied an increased rating for chronic joint pain of the left hand and bilateral lower extremities due to gouty arthropathy. 

In January 2011 and September 2012, the Board remanded the instant claim for further development, which has been completed. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

While all requested development was accomplished on remand, the Board must reconsider this case in light of Correia v. McDonald, No. 13-3238, 2016 WL 3591858 (Vet. App. July 5, 2016). Correia provides a precedential finding that the final sentence of 38 C.F.R. § 4.59 (2015) requires that VA examinations include joint testing for pain on both active and passive motion, in weight-bearing and nonweight-bearing and, if possible, with range of motion measurements of the opposite undamaged joint. 

The Board has reviewed the Veteran's most recent VA examination findings, from January 2014, and concludes that these findings do not meet the specifications of Correia. Given this, and the fact that the examination report dates from several years ago, the Board is not satisfied that the examination findings are adequate for a contemporaneous rating. A further examination is thus necessary under 38 C.F.R. § 3.159(c)(4).

Accordingly, the case is REMANDED for the following action:

1. The Veteran must be afforded a VA medical examination, with an examiner who has reviewed the entire claims file. The examiner must interview the Veteran as to the current severity and symptoms of his chronic joint pain of the left hand, and bilateral lower extremities, due to gouty arthropathy.

The examination must address the Veteran's gouty arthropathy, insofar as it affects: 1) the left knee, 2) the right knee, 3) the right ankle, 4) the left ankle, 5) the right foot/great toe, 6) the left foot/great toe, and 7) the non-dominant left hand. For each affected joint, the examiner must address range of motion, painful motion, and functional loss due to pain. This information must be derived from joint testing for pain on both active and passive motion, in weight-bearing and nonweight-bearing, and with range of motion measurements of the opposite undamaged joint. 

The examiner should further address, as pertinent, the following: instability, ankylosis, impairment of semilunar cartilage (for the knees), and gaps upon limitation of motion of the fingers/thumb (for the left hand).

Finally, the examiner must address the extent of the constitutional manifestation of gout, to include the question of whether such manifestations are totally incapacitating. The frequency and duration of incapacitating exacerbations in the past year must be described.

All opinions must be supported by a detailed rationale in a typewritten report. 

2. Then, after ascertaining whether any further development is warranted, the appeal must be readjudicated. If the determination remains unfavorable, the Veteran and his representative must be furnished with a Supplemental Statement of the Case and given an opportunity to respond before the case is returned to the Board.

The Veteran has the right to submit additional evidence and argument on this matter. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
A. C. MACKENZIE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).